UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CHARLES ROSSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 1:05-cv-145 / 1:98-cr-077 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner Charles Rossell ("Rossell") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Rossell pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to a term of imprisonment of 120 months. Rossell"s sentence was affirmed on direct appeal. *United States v. Stewart, et al.*, 306 F.3d 295 (6th Cir. 2002). On appeal, Rossell alleged, *inter alia*, that his sentence was invalid pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Sixth Circuit rejected that argument. 306 F.3d at 317-18.

In support of his § 2255 motion, Rossell again raises his *Apprendi* claim. Rossell cannot use a § 2255 proceeding, however, to relitigate issues decided adversely to

him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). In addition, Rossell's § 2255 motion is time-barred.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (amended 2004). As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

The Sixth Circuit's mandate affirming Rossell's sentence issued October 24, 2002. Thus, his conviction became final on January 23, 2003, which was 90 days after the mandate issued. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). Rossell filed his § 2255 motion on May 9, 2005, well past the expiration of the statute of limitation.

It plainly appears from the face of the motion and the prior proceedings in the case that Rossell is not entitled to relief in this Court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Rossell leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Rossell having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

　　　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE